United States District Court
Eastern District of Michigan
Southern Division

United States of America,

    Plaintiff,

v.

Danny Jo Thompson II,

    Defendant.
_____/

Case No. 21-cr-20141

Hon. Judith E. Levy

# Plea Agreement

The United States of America and the defendant, Danny Jo Thompson II, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1. Counts of Conviction**

Thompson will plead guilty to Counts 2 and 3 of the indictment (the government will dismiss Count 1 at sentencing). Count 2 charges the defendant with the illegal possession of a machine gun under 18 U.S.C. § 922(o). Count 3 charges the defendant with aiding and abetting the illegal possession of a machine gun under 18 U.S.C. §§ 2 and 922(o).

## 2. Statutory Minimum and Maximum Penalties

The defendant understands that the counts to which he is pleading guilty carry the following maximum statutory penalties:

| Count 2 | Term of imprisonment: | Up to 10 years |
|---|---|---|
| | Fine: | Up to $250,000 |
| | Term of supervised release: | Up to 3 years |
| Count 3 | Term of imprisonment: | Up to 10 years |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | Up to 3 years |

The defendant further understands that the Court has the discretion to run the sentences of imprisonment on the counts of conviction consecutively to each other.

## 3. Elements of Counts of Conviction

The elements of Count 2 are: first, that the defendant knowingly possessed a machine gun; and second, that the defendant knew, or was aware of, the essential characteristics of the firearm which made it a machine gun as defined by Section 921(a).

The elements of Count 3 are: first, that the defendant knowingly aided and abetted another in the possession of a machine gun; and second, that the defendant knew, or was aware of, the essential characteristics of the firearm which made it a machine gun as defined by Section 921(a).

4. **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

**Count 2:** On or about and between September 28, 2019, and October 2, 2020, in the Eastern District of Michigan and elsewhere, Danny Jo Thompson II did knowingly possess a machine gun, that is an AR-style machine gun with a Sons of Liberty Gun Works, Scalper model lower receiver (serial number 100-105211). Thompson admits that he knew of the essential characteristics of the firearm which made it a machine gun. With this knowledge, Thompson purchased the lower receiver from Gerbrand Defense and successfully converted an AR-style rifle into a fully functional machine gun. Thompson admits that he fired the machine gun in fully automatic mode.

**Count 3:** On or about and between September 28, 2019, and October 2, 2020, in the Eastern District of Michigan and elsewhere, Danny Jo Thompson II aided and abetted E.A., a convicted felon, in knowingly possessing a machine gun, that is an AR-style machine gun with a Sons of Liberty Gun Works, Scalper model lower receiver (serial number 100-105250). Thompson admits that he knew of the essential characteristics of the firearm which made it a machine gun. With this knowledge, on September 28, 2019, Thompson purchased the lower receiver with serial number 100-105250 from Gerbrand Defense explicitly for E.A., a convicted felon (the lower receiver is the part classified as a firearm under federal law). Thompson admits that he lied on federal firearms forms in order to purchase a lower receiver for E.A. In addition to straw-purchasing the lower receiver for E.A., Thompson admits that he and E.A. worked together to successfully convert their respective AR-style rifles into fully functional machine guns. Thompson was present when E.A. fired his machine gun in fully automatic mode.

5. **Advice of Rights**

The defendant has read the indictment, has discussed the charges and possible defenses with his attorney, and understands the crimes

charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

    A.    The right to plead not guilty and to persist in that plea;

    B.    The right to a speedy and public trial by jury;

    C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

    D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

    E.    The right to confront and cross-examine adverse witnesses at trial;

    F.    The right to testify or not to testify at trial, whichever the defendant chooses;

    G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

    H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

    I.    The right to compel the attendance of witnesses at trial.

## 6. Collateral Consequences of Conviction

The defendant understands that his convictions here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his convictions here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's convictions might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his convictions.

## 7. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offenses to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG

§ 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties have no other recommendations as to the defendant's guideline calculation.

### D. Factual Stipulations for Sentencing Purposes

The parties agree that Thompson acted as a straw-purchaser for E.A., whom Thompson knew was a felon, in violation of 18 U.S.C. § 922(a)(6). Specifically, on or about September 28, 2019, in the Eastern District of Michigan, Danny Jo Thompson II purchased two Sons of Liberty Gun Works, Scalper model lower receivers (which are firearms under federal law) from Gerbrand Defense, LLC, a licensed firearms dealer under Chapter 44, Title 18, United States Code, knowing that one of the receivers was intended for E.A., a convicted felon. During the purchase of these receivers, Thompson knowingly made a false and fictitious written statement to Gerbrand Defense, LLC as to a fact

material to the lawfulness of the sale of these lower receivers under Chapter 44 of Title 18. Specifically, Danny Jo Thompson II executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473, Firearms Transaction Record, indicating that he was the actual buyer of both firearms/lower receivers indicated on the Form 4473 when in fact, as the defendant knew, he was buying one of the firearms/lower receivers for E.A., a convicted felon.

### E. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 7.B, 13.C, or 13.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or

factual stipulations in paragraphs 7.B, 7.C, or 7.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

**8.  Imposition of Sentence**

    **A.  Court's Obligation**

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

    **B.  Imprisonment**

        **1.  Recommendation**

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the top of the defendant's guideline range as determined by the Court.

        **2.  No Right to Withdraw**

The government's recommendation in paragraph 8.B.1 is not binding on the Court. The defendant understands that he will have no

right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a three-year term of supervised release.

#### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 8.B.1, will

not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

There is no recommendation or agreement as to a fine.

### F. Forfeiture

The defendant agrees, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), to forfeit any interest he may have in any firearm and ammunition used or intended to be used in the commission of Counts 2 and 3, including, but not limited to a Sons of Liberty Gun Works, Scalper model lower receiver, s/n 100-105250 and a Sons of Liberty Gun Works, Scalper model lower receiver, s/n 100-105211.

In entering into this agreement with respect to forfeiture, the defendant expressly waives his right to have a jury determine the forfeitability of his interest in the above described property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

Following entry of this plea agreement and on application of the United States, the defendant agrees to the Court's prompt entry of orders of forfeiture of his interest in the above-identified property at or

any time before his sentencing. The defendant agrees that the forfeiture order will become final as to his interests when entered by the court.

The defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based on the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. The defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing, and incorporation of forfeiture in the judgment.

The defendant acknowledges that he understands that forfeiture of the above described assets is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

G. **Special Assessment**

The defendant understands that he will be required to pay a special assessment of $200, due immediately upon sentencing.

## 9. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

## 10. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

11. **Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty pleas, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

12. **Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

### 13. Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

### 14. Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 15. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 p.m. on May 14, 2021. The government may withdraw from this agreement at any time before the defendant pleads guilty.

                                          Saima S. Mohsin
                                          Acting United States Attorney

| | |
|---|---|
| *s/Michael C. Martin* | |
| Michael C. Martin | Hank Moon |
| Chief, National Security Unit | Assistant United States Attorney |
| Assistant United States Attorney | |

Dated: 5/4/2021

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_____
William Amadeo
Attorney for Defendant

_____
Danny Jo Thompson II
Defendant

Dated: May 16, 2021