UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,           Case No. 21-cr-20141

vs.                                Hon. Judith E. Levy

Danny Jo Thompson II,

        Defendant.

**PRELIMINARY ORDER OF FORFEITURE**

Based on the Indictment, the Rule 11 Plea Agreement and guilty plea, the United States' Application for Entry of Preliminary Order of Forfeiture, and other information in the record, and under 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure, the Court finds that the following property was used or intended to be used in the commission of Counts 2 and 3 of the Indictment:

- AR-style machine gun with Sons of Liberty Gun Works, Scalper model lower receiver, S/N 100-105250 seized from

1

- Black 2018 Ford F150 XLT, VIN 1FTEW1EP4JFE44111 (21-FBI-007282);

- AR-style machine gun with Sons of Liberty Gun Works, Scalper model lower receiver serial number 100-105211 (21-FBI-007237)

(together, the "Subject Property").

The Court ORDERS FORFEITURE of the Subject Property to the United States for disposition according to law. Any right, title or interest of defendant and any right, title, or interest that his heirs, successors or assigns have, or may have, in the Subject Property IS HEREBY AND FOREVER EXTINGUISHED.

The COURT FURTHER ORDERS:

Upon entry of this Preliminary Order of Forfeiture and under 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on the internet site, www.forfeiture.gov, for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. Said notice

shall direct that any person, other than defendant, asserting a legal interest in any of the Subject Property may file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A), and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

This Preliminary Order of Forfeiture shall become final as to

defendant at sentencing under Federal Rule of Criminal Procedure 32.2(b)(4)(A), and forfeiture of the Subject Property shall be made part of the defendant's sentence and included in the Judgment.

If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided under 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2).

If a third party files a timely petition for ancillary hearing for the Subject Property, the Court shall enter a final order of forfeiture by amending this Preliminary Order of Forfeiture as necessary to account for any third party rights as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

Under 21 U.S.C. § 853(n)(7), the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law following the Court's disposition of any petitions for ancillary hearing, or if none are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for filing

such a petition.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary under Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

Date: March 9, 2022              s/Judith E. Levy
                                 JUDITH E. LEVY
                                 United States District Judge